IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON LAMONT WOOLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-877-NJR |
| ) | |
| ) | |
| JOSEPH CERVANTES and ) | |
| JAYSON CLARK, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jason Lamont Wooley, Jr., a pretrial detainee being held at Jackson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Wooley alleges he is being held on excessive bail. He asserts claims against the defendants under the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Wooley's Complaint is difficult to read, but the Court gleans the following allegations from it (Doc. 1): On November 10, 2020, Wooley was arrested and taken to Jackson County

1

Jail. Since his arrest, he has been in jail awaiting trial (*Id*. at p. 5). At the time he wrote the Complaint, he had been incarcerated for 270 days. Wooley alleges that his $750,000 bond is excessive, and his family cannot pay the bail money (*Id*.). He has only been to court on three occasions, and because he cannot pay the bond to be released from jail, he lost two jobs and missed the deadline to register for college (*Id*. at p. 6). Wooley sues Jackson County State's Attorney Joseph Cervantes and Assistant State's Attorney Jayson Clark for monetary damages.

## Discussion

Wooley sues Joseph Cervantes and Jayson Clark, both Jackson County State's Attorneys, for monetary damages for his excessive bail. It is well-settled law, however, that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [Section] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). They are immune from damages for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Absolute immunity shields prosecutors even if they act "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id.* (citing *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)). Although it is not clear that either attorney played a role in setting his bail, advocating for a higher bail would be "intimately associated" with the judicial phase of the prosecution against Wooley. Thus, both Defendants are immune from civil suit and the case is **DISMISSED with prejudice**.

### Disposition

For the reasons stated above, the Complaint (Doc. 1) and this entire action are **DISMISSED** with prejudice. The dismissal shall count as one of Wooley's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Wooley wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  December 9, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**